UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENDRA P. BRUCE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PIONEER CREDIT RECOVERY, INC.,<br><br>　　　　Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:20-cv-00426<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes KENDRA P. BRUCE ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PIONEER CREDIT RECOVERY, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

## PARTIES

4. Plaintiff is a 52 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Wilmer, Texas, which lies within the Northern District of Texas.

5. Defendant is a debt collection agency that collects debts from consumers throughout the country, including the state of Texas. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 26 Edward Street, Arcade, New York.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of the nature of Defendant's attempts to collect on a purported defaulted student loan debt ("subject debt") said to be owed by Plaintiff.

9. On or about February 17, 2020, Defendant placed a phone call to Plaintiff's cellular phone, (214) XXX-4618, in an attempt to collect upon the subject debt.

10. Defendant's phone call came from the phone number (765) 588-5887.

11. At the time the phone call was made, Plaintiff could not reach her phone, so her friend, Orlando Hithe, answered the phone call.

12. After Mr. Hithe answered Plaintiff's phone, Defendant's representative advised that they were calling to speak with Plaintiff.

13. Mr. Hithe asked who was calling.

14. Rather than confirm the identity of the individual to whom it was speaking, Defendant's representative proceeded to inform Mr. Hithe that Defendant was calling to collect the subject debt, purportedly owed by Plaintiff, and that if Plaintiff did not pay the subject debt her wages would be garnished.

15. Mr. Hithe chided Defendant's representative for divulging such personal and confidential information to him without ensuring that it was speaking to the appropriate party.

16. As a result of Defendant's discussion with Mr. Hithe about Plaintiff's purported indebtedness, Plaintiff felt embarrassed and ashamed that her friend acquired knowledge of her purported indebtedness, given that this is information which Plaintiff wanted to be kept private.

17. Plaintiff was further concerned about the nature of Defendant's threats to garnish Plaintiff's wages.

18. However, Defendant's threat to garnish Plaintiff's wages was false, deceptive, and misleading, given that Defendant made its affirmative threat of garnishment without having an underlying court judgment which would be required to effectuate such a garnishment.

19. As such, Plaintiff was falsely, deceptively, and misleadingly led to believe that her wages would be garnished absent proper due process.

20. Frustrated and concerned over Defendant's Conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to embarrassment, shame, undue emotional distress fearing that her wages would be

3

garnished absent due process, and a further violation of her state and federally protected substantive right to receive truthful and non-misleading information regarding her purported indebtedness.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and alleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692c(b)**

27. The FDCPA, pursuant to § 1692(c)(b), "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency . . . the attorney of the creditor, or the attorney of the debt collector."

28. Defendant violated 15 U.S.C. § 1692c(b) through its conversation with Mr. Hithe. Through its failure to verify the identity of the party it was speaking with, and further given the nature of the conversation that occurred, Defendant improperly communicated with an individual other than the consumer – Plaintiff – absent Plaintiff's explicit consent for this communication, in violation of § 1692c(b).

    b. **Violations of the FDCPA § 1692e**

29. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).
>
> "The representation or implication that nonpayment of any debt will result in the . . . seizure, garnishment, attachment, or sale of any property or wages . . . ." 15 U.S.C. § 1692e(4).
>
> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).
>
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

31. Defendant violated §§ 1692e. e(2)(A), e(4), e(5), and e(10) through its threat to garnish Plaintiff's wages absent due process. Defendant lacked the lawful ability to make its affirmative threat of wage garnishment since Defendant did not have an underlying court judgment entered in connection with the subject debt, further illustrating the deceptive and misleading nature of its affirmative representation.

    **c.   Violations of FDCPA § 1692f**

32. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

33. Defendant violated §1692f when it unfairly threatened to garnish Plaintiff's wages absent due process.

WHEREFORE, Plaintiff KENDRA P. BRUCE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

36. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

37. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violation of TDCA § 392.301

38. The TDCA, pursuant to Tex. Fin. Code § 392.301(7), prohibits a debt collector from "threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings . . . ."

39. Defendant violated § 392.301(7) through its threats to garnish Plaintiff's wages absent due process. Defendant made its affirmative threat of garnishment absent engaging in any of the proper court proceedings that would warrant such a threat.

### b. Violations of TDCA § 392.304

40. The TDCA, pursuant to Tex. Fin. Code. § 392.304(19), prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

41. Defendant similarly violated § 392.304(19) when it misleadingly suggested that Plaintiff's wages would be garnished absent due process.

WHEREFORE, Plaintiff, KENDRA P. BRUCE, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 20, 2020

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734

Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com